Alla Gulchina
Price Law Group, APC
86 Hudson Street
Hoboken, NJ 07030
Tel: 818-600-5566
alla@pricelawgroup.com
Attorney for Plaintiff,
David Gibson

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

DAVID GIBSON,

    Plaintiff,

vs.

NAVIENT SOLUTIONS, LLC.,

    Defendant.

Case No.: **18  4521**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, David Gibson ("Plaintiff"), by and through his attorney, alleges the following against Defendant, Navient Solutions, LLC. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Pennsylvania Fair Debt Collection Practices Act ("PFDCPA"), PA. CONS. STAT. ANN. § 2270, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Philadelphia, Philadelphia County, Pennsylvania.

7. Plaintiff is a consumer as defined by PA. CONS. STAT. ANN. § 2270.3.

8. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located 2001 Edmund Halley Drive, Reston, VA 20191. Defendant can be served with process at Corporation Service Company. Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

9. Defendant engages in the practice of debt collection. Therefore, is a debt collector as that term is defined by PA. CONS. STAT. ANN. §2270.3 and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

10. Defendant is attempting to collect a debt from Plaintiff.

11. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and qualifies as a "consumer debt" as defined by the PFDCPA, PA. CONS. STAT. ANN. § §2270.3.

12. On or about May 2017, Defendant began placing calls to Plaintiff's cellular phone number (267) 266-9347, in an attempt to collect an alleged debt.

13. The calls came from the following telephone numbers: (607) 271-6459, (856) 316-7062, (202) 899-1331, (765) 637-9507, (703) 935-1167, (570) 904-8762, (856) 316-7063, (512) 961-7264, (386) 269-0660, (386) 269-0335, (855) 203-8085, (317) 960-1983, (570) 904-8756, (512) 693-2529, (800) 436-5252, (302) 401-4388 and (888) 272-5543; upon information and belief these numbers are owned or operated by Defendant.

14. On or around May 8, 2017, at approximately 7:38 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

15. Defendant informed Plaintiff that it was attempting to collect a debt.

16. Plaintiff instructed Defendant not to contact him any further.

17. On or around May 9, 2017, at approximately 8:50 a.m., Plaintiff answered a second collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

18. Defendant informed Plaintiff that it was attempting to collect a debt.

19. Plaintiff instructed Defendant a second time not to contact him any further.

20. On or around May 16, 2017 at approximately 7:13 p.m., Plaintiff answered a third collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

21. Defendant informed Plaintiff that it was attempting to collect a debt.

22. Plaintiff instructed Defendant for a third time not to contact him any further.

23. Plaintiff answered a fourth call, on or around May 16, 2017 at approximately 7:15 p.m., two minutes after the previous call, Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

24. Defendant informed Plaintiff that it was attempting to collect a debt.

25. Plaintiff again instructed Defendant not to contact him any further.

26. On or around May 25, 2017, at approximately 10:12 a.m., Plaintiff answered a fifth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

27. Defendant informed Plaintiff that it was attempting to collect a debt.

28. Plaintiff instructed Defendant not to contact him any further for a fifth time.

29. On or around May 25, 2017, at approximately 10:12 a.m., Plaintiff answered a fifth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

30. Defendant informed Plaintiff that it was attempting to collect a debt.

31. Plaintiff instructed Defendant not to contact him any further for a fifth time.

32. On or around June 22, 2017, at approximately 9:44 a.m., Plaintiff answered a sixth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

33. Defendant informed Plaintiff that it was attempting to collect a debt.

34. For the sixth time, Plaintiff instructed Defendant not to contact him any further.

35. Upon information and belief, between June 23, 2017 and July 13, 2017 Defendant made approximately 17 calls to the Plaintiff's cellular phone after Plaintiff requested not to be contacted on 6 different occasions.

36. On or around July 14, 2017, at approximately 11:07 a.m., Plaintiff answered yet another call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

37. Defendant informed Plaintiff that it was attempting to collect a debt.

38. Plaintiff, again, instructed Defendant not to contact him any further.

39. Defendant ignored all of Plaintiff's requests to cease calls and continued calling him through March 2018.

40. Upon information and belief, approximately 104 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

41. On or around the same time the Plaintiff received calls to his cellphone, he also received approximately 74 calls to his home phone from Defendant between July 2017 and January 2018 with as many as 7 calls in a day.

42. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

43. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

44. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

45. The first time Plaintiff revoked consent Defendant called him around 9:00 am.

46. Thereafter, Defendant continued to call Plaintiff on or about the same time in future calls.

47. For example, Defendant called Plaintiff at 9:44 a.m. (June 22, 2017), 9:54 a.m. (June 23, 2017), 9:25 a.m. (June 28, 2017) and 9:39 a.m. (June 29, 2018).

48. Plaintiff received calls during working hours and during many other occasions, causing disruption to Plaintiff's work and personal life.

49. Plaintiff would also receive notifications from Defendant to his place of work, something that was brought to his attention by his employer.

50. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

51. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

52. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

53. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   (a) Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   (b) Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

54. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## (Pennsylvania Fair Debt Collection Practices Act, PA. CONS. STAT. ANN. § 2270)

55. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

Defendant violated the PFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated PA. CONS. STAT. ANN. § 2270.4(b)(2)(i) which prohibits "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer; and

(b) Defendant violated PA. CONS. STAT. ANN. § 2270.4(b)(4)(v) which prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number" and

(c) Defendant violated PA. CONS. STAT. ANN. § 2270.4 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i) Defendant violated PA. CONS. STAT. ANN. § 2270.4 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (ii) Defendant violated PA. CONS. STAT. ANN. § 2270.4 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    (iii) Defendant violated PA. CONS. STAT. ANN. § 2270.4 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

56. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
57. As a result of the foregoing violations of the PFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduce violated the PFDCPA, actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff, David Gibson, respectfully requests judgment be entered against Defendant, Navient Solutions, LLC, for the following:

  A. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), 47 U.S.C. § 227(b)(3)(B) and PA. CONS. STAT. ANN. § 2270.5(c);

  B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and PA. CONS. STAT. ANN. § 2270.5(c);

  C. Costs and reasonable attorneys' fees pursuant to the PA. CONS. STAT. ANN. § 2270.5(c) and 15 U.S.C. § 1692k(a)(3);

  D. Any other relief that the Honorable Court deems appropriate.

//

//

RESPECTFULLY SUBMITTED,

Dated: October 22, 2018          By: *[signature]*

Alla Gulchina Esq.
86 Hudson Street
Hoboken, NJ 07030
Tel: 818-600-5566
Alla@pricelawgroup.com
Attorney for Plaintiff,
David Gibson

JS 44 (Rev 08/16)

# CIVIL COVER SHEET

18-CV-4521

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

18  4521

## I. (a) PLAINTIFFS
DAVID GIBSON

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Price Law Group, APC
86 Hudson Street, Hoboken, NJ 07030
818-600-5566

## DEFENDANTS
NAVIENT SOLUTIONS, LLC

County of Residence of First Listed Defendant   Fairfax County, VA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227

Brief description of cause:
Violation of TCPA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE
10/22/2018

SIGNATURE OF ATTORNEY OF RECORD

OCT 19 2018

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**18    4521**

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **1500 East Howell, Philadelphia, PA 19149**

Address of Defendant: **2001 Edmund Halley Drive, Reston, VA 20191**

Place of Accident, Incident or Transaction: **Philadelphia, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ✔

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ✔

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ✔

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ✔

I certify that, to my knowledge, the within case ☐ is / ✔ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **10/22/2018**    *Attorney-at-Law / Pro Se Plaintiff*    **307014**  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ✔ All other Federal Question Cases
    *(Please specify):* **Consumer Credit - TCPA**

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Alla Gulchina**, counsel of record or pro se plaintiff, do hereby certify:

✔ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

**OCT 19 2018**

DATE **10/22/2018**    *Attorney-at-Law / Pro Se Plaintiff*    **30714**  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| DAVID GIBSON | : | CIVIL ACTION |
|---|---|---|
| v. | : | **18 4521** |
| NAVIENT SOLUTIONS, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 10/22/2018 | *[signature]* | David Gibson |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 818-600-5566 | 818-600-5466 | alla@pricelawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 19 2018



**PRICE LAW GROUP**
A Professional Corporation

| CALIFORNIA | ARIZONA | NEW JERSEY |
|---|---|---|
| 6345 Balboa Blvd. Suite 247 | 8245 N. 85th Way | 86 Hudson St. |
| Encino CA 91316 | Scottsdale AZ 85258 | Hoboken NJ 07030 |
| Tel: 818-995-4540 | Tel: 818-995-4540 | Tel: 818-995-4540 |
| Fax: 818-995-9277 | Fax: 866-401-1457 | Fax: 818-600-5466 |

October 16, 2018

**Via USPS First Class**
United States District Court
Eastern District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

18    4521

**RE:   David Gibson v. Navient Solutions, LLC**
       **New Case Documents**

To Whom It May Concern:

Enclosed, please find the new case documents for David Gibson v. Navient Solutions, LLC. Please find the following enclosed in this envelope:

1. Complaint
2. Civil Cover Sheet
3. Summons
4. Check – for filing fee $400.00
5. USB containing complaint, civil cover sheet, and summons.

If you have any questions, please feel free to contact me at 818-600-5534. Thank you.

Sincerely,

Rebecca Reyes
Legal Assistant to Alla Gulchina, Esq.

---

PRICE LAW GROUP, APC attorneys are licensed to practice law in the following states:
California, Arizona, Nevada, Colorado, Kansas, Missouri, Louisiana, Minnesota, New York, And New Jersey