UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DAVID GIBSON,

  Plaintiff,

vs.

NAVIENT SOLUTIONS, LLC.,

  Defendant.

Case No.: 2:18-cv-04521-JS

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, David Gibson ("Plaintiff"), by and through his attorney, alleges the following against Defendant, Navient Solutions, LLC. ("Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270 *et seq.*, which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") 73 P.S. § 201-1, *et seq*, which prohibits unfair or deceptive acts or practices.

4. Count IV of Plaintiff's Complaint is based upon Invasion of Privacy – Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts § 652B which prohibits an intentional intrusion Upon the solitude or seclusion of another.

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Philadelphia, Philadelphia County, Pennsylvania.

9. Plaintiff is a consumer as defined by 73 P.S. § 2270.3.

10. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located 2001 Edmund Halley Drive, Reston, VA 20191. Defendant can be served with process at Corporation Service Company. Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

11. Defendant engages in the practice of debt collection. Therefore, is a creditor as that term is defined by 73 P.S. §2270.3 and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect a debt from Plaintiff.

13. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and qualifies as a "consumer debt" as defined by the FCEUA P.S. 73 § §2270.3.

14. On or about May 2017, Defendant began placing calls to Plaintiff's cellular phone number (267) 266-9347, in an attempt to collect an alleged debt.

15. The calls came from the following telephone numbers: (607) 271-6459, (856) 316-7062, (202) 899-1331, (765) 637-9507, (703) 935-1167, (570) 904-8762, (856) 316-7063, (512) 961-7264, (386) 269-0660, (386) 269-0335, (855) 203-8085, (317) 960-1983, (570) 904-8756, (512) 693-2529, (800) 436-5252, (302) 401-4388 and (888) 272-5543; upon information and belief these numbers are owned or operated by Defendant.

16. On or around May 8, 2017, at approximately 7:38 p.m., Plaintiff answered a collection call from Defendant, from telephone number (607) 271-6459; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Defendant informed Plaintiff that it was attempting to collect a debt.

18. Plaintiff instructed Defendant not to contact him any further.

19. On or around May 9, 2017, at approximately 8:50 a.m., Plaintiff answered a second collection call from Defendant, from telephone number (607) 271-

6459; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

20. Defendant informed Plaintiff that it was attempting to collect a debt.

21. Plaintiff instructed Defendant a second time not to contact him any further.

22. On or around May 16, 2017 at approximately 7:13 p.m., Plaintiff answered a third collection call from Defendant, from telephone number (856) 316-7062; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

23. Defendant informed Plaintiff that it was attempting to collect a debt.

24. Plaintiff instructed Defendant for a third time not to contact him any further.

25. Plaintiff answered a fourth call, on or around May 16, 2017 at approximately 7:15 p.m., two minutes after the previous call, Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. The call originated from telephone number (856) 316-7062.

26. Defendant informed Plaintiff that it was attempting to collect a debt.

27. Plaintiff again instructed Defendant not to contact him any further.

28. On or around May 25, 2017, at approximately 10:12 a.m., Plaintiff answered a fifth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

29. Defendant informed Plaintiff that it was attempting to collect a debt.

30. Plaintiff instructed Defendant not to contact him any further for a fifth time.

31. On or around May 25, 2017, at approximately 10:12 a.m., Plaintiff answered a fifth collection call from Defendant; Plaintiff heard a pause before the

collection agent began to speak, indicating the use of an automated telephone dialing system. The call originated from telephone number (202) 899-1331.

32. Defendant informed Plaintiff that it was attempting to collect a debt.

33. Plaintiff instructed Defendant not to contact him any further for a fifth time.

34. On or around June 22, 2017, at approximately 9:44 a.m., Plaintiff answered a sixth collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. The call originated from telephone number (765) 637-9507.

35. Defendant informed Plaintiff that it was attempting to collect a debt.

36. For the sixth time, Plaintiff instructed Defendant not to contact him any further.

37. Upon information and belief, between June 23, 2017 and July 13, 2017 Defendant made approximately 17 calls to the Plaintiff's cellular phone after Plaintiff requested not to be contacted on 6 different occasions.

38. On or around July 14, 2017, at approximately 11:07 a.m., Plaintiff answered yet another call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. The call originated from telephone number (856) 316-7063.

39. Defendant informed Plaintiff that it was attempting to collect a debt.

40. Plaintiff, again, instructed Defendant not to contact him any further.

41. Defendant ignored all of Plaintiff's requests to cease calls and continued calling him through March 2018.

42. Upon information and belief, approximately 104 calls were made by the Defendant to the Plaintiffs cellular phone after Plaintiff had initially requested not to be contacted.

43. On or around the same time the Plaintiff received calls to his cellphone, he also received approximately 74 calls to his home phone from Defendant between July 2017 and January 2018 with as many as 7 calls in a day.

44. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain computer software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database od numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

45. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

46. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id.* At 14091-92, paras. 132-33

47. The first time Plaintiff revoked consent Defendant called him around 9:00 am.

48. Thereafter, Defendant continued to call Plaintiff on or about the same time in future calls.

49. For example, Defendant called Plaintiff at 9:44 a.m. (June 22, 2017), 9:54 a.m. (June 23, 2017), 9:25 a.m. (June 28, 2017) and 9:39 a.m. (June 29, 2018).

50. Throughout the months of September through May, Plaintiff is employed as a full-time life skills coach. He is paid a salary. During the evenings, Plaintiff works on average 4-5 hours as a behavioral health worker with children ages 8-13.

51. During the months of June through August, Plaintiff works an average of six (6) hours per day as a behavioral health worker. He is paid $16.25 per hour.
52. Plaintiff received calls during working hours and during many other occasions, causing disruption to Plaintiff's work and personal life.
53. Plaintiff would also receive calls from Defendant to his place of work, and received a verbal warning from his supervisor about the calls.
54. Defendant's calls caused continued stress which required Plaintiff to purchase over the counter pain medication for headaches.
55. The stress associated with the calls from May 2017 through August 2017 caused Plaintiff to take unpaid personal days resulting in loss of wages.
56. The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.
57. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including but not limited to, loss of wages, emotional and mental pain and anguish.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

58. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.
59. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    (a)   Prior to the filing of the action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing

system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)   Within four years prior to the filing of the action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

60. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Pennsylvania Fair Credit Extension Uniformity Act 73 P.S. § 2270)**

61. Plaintiff incorporates herein by reference all of the above paragraphs of the complaint as though fully set forth herein at length.

62. Defendant violated the FCEUA. Defendant's violations include, but are not limited to, the following:

(a)   Defendant violated FCEUA P.S. 73§ 2270.4(b)(2)(i) which prohibits "at any unusual time or place or a time or place known, or which should be known to be inconvenient to the consumer; and

(b)   Defendant violated FCEUA P.S. 73. § 2270.4(b)(4)(v) which prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number" and

(c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

63. As a result of the foregoing violations of the FCEUA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FCEUA, actual damages, and attorneys' fees and costs.

## COUNT III
### (Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201)

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. Defendant violated the UTPCPL. Defendant's violations include, but are not limited to, the following:

 (a) Defendant violated UTPCPL P.S. § 201-2(4)(xxi) by engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

66. As a result of the foregoing violations of the UTPCPL, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the UTPCPL, actual damages, and attorneys' fees and costs.

## COUNT IV
### Invasion of Privacy
### (Intrusion Upon Seclusion)

67. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

68. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

 (a) Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone

calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

(b) Defendants conduct would be highly offensive to a reasonable person as Plaintiff received multiple calls per day that interrupted Plaintiff's duties at his job and time with his family.

(c) Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

69. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, David Gibson, respectfully requests judgment be entered against Defendant, Navient Solutions, LLC, for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Actual damages pursuant to 73 P.S. § 201-9.2(a);

C. Costs and reasonable attorneys' fees pursuant to 73 P.S. § 201-9.2(a);

D. Actual and punitive damages from the invasion of privacy;

E. Awarding Plaintiff any pre-judgement and post judgment interest as may be allowed under the law; and

F. Any other relief that the Honorable Court deems appropriate.

//

//

RESPECTFULLY SUBMITTED,

Dated: January 14, 2019            By: _____
                                       Alla Gulchina Esq.
                                       86 Hudson Street
                                       Hoboken, NJ 07030

Tel: 818-600-5566
Alla@pricelawgroup.com
Attorney for Plaintiff,
David Gibson